IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| JOY V. HAYES | § | |
| Plaintiff | § | |
| | § | |
| V. | § | No. 5:10CV234 |
| | § | |
| OFFICERS LEMLY AND LEWIS | § | |
| Defendant | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. After the Magistrate Judge entered her Report and Recommendation, recommending the pro se Plaintiff's case be dismissed without prejudice, Plaintiff filed a fourth motion to appoint counsel and a "motion to halt recommendation of dismissal," which the Court will treat as objections pursuant to 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## FACTUAL BACKGROUND

On December 22, 2010, Joy V. Hayes ("Plaintiff"), appearing pro se, filed this lawsuit against Officer Lemly ("Lemly") of the Texarkana, Texas Police Department. Plaintiff alleges she was parked in front of Henry's residence on April 18, 2008 when a patrol car pulled over and parked nearby on the opposite side of the street. Plaintiff alleges she was inside her vehicle with the passenger-side window rolled down, talking to Henry through the window about some car trouble she had been having. Plaintiff alleges she noticed the two officers in the patrol car looking toward her direction, talking and laughing, and Plaintiff thought it was strange for a patrol car to be parked

like that.

Plaintiff alleges she rolled down her drivers-side window. According to Plaintiff, the officer in the driver's side of the patrol car rolled down his window, and Plaintiff asked the officer if there was a problem in the neighborhood. Plaintiff stated Defendant, who was the officer in the passenger's side of the patrol car, responded to Plaintiff's question as follows: "Yeah, there's a problem, we know who you are. We know that you are Joy Hayes. We heard about you." Plaintiff alleges she pulled into Henry's driveway because she sensed trouble from Defendant. According to Plaintiff, the patrol car drove off, turned around, and then returned to park in the same area. Plaintiff alleges she was approached by Defendant who opened her car door, grabbed her arm and hand, and "snatched" her out of her vehicle, taking her to jail.

Plaintiff states Defendant did not have any reason for abusing and mistreating her and that she was taken into jail for a traffic violation, namely parking within 18 inches of the "curve." According to Plaintiff, Defendant did not pull her over; he did not ask for any identification; and he did not write out a citation. Plaintiff alleges Defendant later changed the charge against Plaintiff to obstructing the highway, requiring Plaintiff to stay in jail until she could see the judge the next day.

## PROCEDURAL BACKGROUND

On January 3, 2011, the Court issued an Order granting the pro se Plaintiff's motion for leave to proceed in forma pauperis and ordering the United States Marshal to serve the Summons and Complaint upon Lemly based upon the information provided to the Court by Plaintiff. In her original complaint, Plaintiff provided the following address for Lemly: Texarkana, Texas Police Department, 100 N. Stateline Avenue, Texarkana, Texas.

On January 14, 2011, Summons was returned unexecuted as to Lemly. According to the

2

Summons, the United States Marshal was informed by a crime analyst for the Texarkana, Texas Police Department ("TTPD") that Lemly was no longer employed with the TTPD.

On May 23, 2011, Plaintiff filed her first motion for appointment of counsel, stating that she could not afford an attorney. Plaintiff failed to list attorneys who had declined to represent her in this action. For this reason, and because the other factors weighed against appointment, the Court issued an Order denying Plaintiff's first motion on July 6, 2011. In denying Plaintiff's motion for several reasons, the Magistrate Judge noted that it was unclear whether Plaintiff discussed the possibility of a contingent fee arrangement with an attorney.

On August 12, Plaintiff filed her second motion for appointment of counsel, stating she had contacted four local attorneys in both the private and non-profit sectors. Plaintiff listed the attorneys, stating she was refused by all. On August 18, the Magistrate Judge denied Plaintiff's second motion for appointment of counsel. Also on August 18, the Magistrate Judge entered an Order granting Plaintiff leave to amend to add Officer Lewis ("Lewis"). The Court gave Plaintiff sixty days in which to hire an attorney, after which time the case would proceed.

The Court also noted that it is Plaintiff's responsibility to find the correct addresses for Lemly and Lewis. The Court ordered Plaintiff to provide the Court, within sixty days from the date of the Order, the correct address for service of process for Lemly and Lewis. The Court noted that the Clerk of the Court would then issue and the United States Marshal would serve the Summons and Complaint based on the information provided to the Court by Plaintiff. Plaintiff was advised that failure to provide the correct addresses for service of process within the time prescribed may result in a dismissal of Plaintiff's cause of action without prejudice.

Sixty days later, on October 17, 2011, Plaintiff filed her third motion for appointment of

counsel. Plaintiff argued she is not competent to act as her own attorney. Plaintiff also filed a motion for extension of time in which to provide the correct addresses for defendants and to stay the case until her third motion for appointment of counsel was decided. On November 17, 2011, the Magistrate Judge issued an Order denying Plaintiff's Third Motion for Appointment of Counsel. In the order, the Court also denied as moot Plaintiff's motion to stay the above-referenced case. In addition, the Court granted Plaintiff's motion for additional time in which to provide the Court the correct addresses for defendants for service of process.

The Court ordered Plaintiff to provide the Court, within thirty days from the date of the Order, the correct address for service of process for Lemly and Lewis. Again, the Court noted that the Clerk of the Court would then issue and the United States Marshal would serve the Summons and Complaint based on the information provided to the Court by Plaintiff. Plaintiff was again advised that failure to provide the correct addresses for service of process within the time prescribed may result in a dismissal of Plaintiff's cause of action without prejudice.

## REPORT AND RECOMMENDATION

Plaintiff failed to provide the Court the correct addresses for service of process. In her Report and Recommendation dated December 21, 2011, the Magistrate Judge recommended Plaintiff's above-entitled and numbered cause of action be dismissed without prejudice. In her objections, Plaintiff asks the Court to reconsider the Magistrate Judge's recommendation. Specifically, Plaintiff states she was unable to respond to the Court's previous orders because she was out of town and ill. Plaintiff further states she has made it clear to the Court that she has been unsuccessful in obtaining the correct addresses. Plaintiff asserts she has furnished the Court with sufficient information to warrant appointment of counsel. Plaintiff argues her rights have been

violated by not granting her court-appointed counsel. Plaintiff takes issue with the Court's finding that she is capable of representing herself.

## *DE NOVO* REVIEW

As correctly noted by the Magistrate Judge on several occasions, although 42 U.S.C. § 2000e-5(f)(1) grants a pro se litigant the right to request an attorney, there is no automatic right to the appointment of counsel. *Branch v. Cole*, 686 F.2d 264 (5th Cir.1982)(per curiam). Indeed, the right to court-appointed counsel is a privilege justified only by exceptional circumstances. Contrary to Plaintiff's assertions, the Constitution does not require the Government to provide attorneys for civil litigants. *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980); *see also* 28 U.S.C.A. § 1915(c), (d), and (e)(1). The decision of whether to appoint counsel is within the broad discretion of the court given the facts of the case. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir.1990). Here, the Court does not find the Magistrate Judge abused her discretion in denying Plaintiff's motions for appointment of counsel. The record shows Plaintiff is capable of proceeding without counsel, as indicated by her numerous motions and responses filed. Plaintiff has made an insufficient showing of need to be granted counsel, and her fourth motion for appointment of counsel is denied.

As further found by the Magistrate Judge, Plaintiff has repeatedly failed to provide the Court the correct addresses for service of process. As stated in the Court's August 18, 2011 Order denying Plaintiff's second motion for appointment of counsel and allowing Plaintiff an additional sixty days in which to provide the correct addresses for the defendant officers, it is Plaintiff's responsibility to find the correct addresses for service of process. Plaintiff has been repeatedly advised that failure to provide the Court with the required information could result in the dismissal of her case. This case

is over one year old, and Plaintiff has failed to provide the information necessary for service of the Summons and Complaint, after being repeatedly ordered to do so by this Court.

Plaintiff's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED this 26th day of January, 2012.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE